IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02696-BNB

JAMES D. GREER,

    Applicant,

v.

DOUGLAS COUNTY COMBINED COURTS,
COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, James D. Greer, was incarcerated at the Denver County Jail when he initiated the instant action by filing *pro se* on October 11, 2012, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). He since has informed the Court that he is a prisoner in the custody of the Colorado Department of Corrections, incarcerated at the Centennial Correctional Facility in Cañon City, Colorado.

    On October 22, 2012, the Court entered an order (ECF No. 4) directing Mr. Greer to cure certain deficiencies, including to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and a certificate of the warden showing the current balance in his prison account. On November 16, 2012, Mr. Greer filed a response (ECF No. 11) to the cure order, pointing out that he had paid the $5.00 filing fee (ECF No. 1) and, therefore, need not submit a § 1915 motion and affidavit or a certificate of the warden. Mr. Greer is correct. The Court

will vacate that portion of the October 22 order directing Mr. Green cure these deficiencies.

However, the Court also noted in the October 22 order that Mr. Greer had named improper Respondents and failed to assert his claims clearly and separately from the supporting facts.  Therefore, the Court ordered Mr. Greer to submit within thirty days on the Court-approved form an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that sued the proper Respondents.  Mr. Greer attempted to cure these deficiencies as part of his November 16 response, but failed to use the Court-approved form as directed to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The Court must construe Mr. Greer's filings liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See Hall, 935 F.2d at 1110.  Nor is the Court required to fashion Mr. Greer's arguments for him or piece together the allegations in the October 11 application he originally filed with the changes he attempted to make in the November 16 response.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."

Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Greer must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, in the amended application, Mr. Greer must allege in a clear and concise manner both the § 2254 claims he seeks to raise and the specific facts to support each asserted claim, as well as name the proper Respondents. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.

Accordingly, it is

ORDERED that the portion of the order of October 22, 2012, directing Applicant, James D. Greer, to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and a certificate of the warden showing the current balance in his prison account is vacated because Mr. Greer paid the $5.00 filing fee on October 11, 2012. It is

FURTHER ORDERED that **within thirty (30) days from the date of this order**

Mr. Greer file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Greer shall obtain the Court-approved Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in filing the amended application. It is

FURTHER ORDERED that if Mr. Greer fails within the time allowed to file an amended application as directed, the application will be denied and the action dismissed without further notice.

DATED November 26, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge